IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVE LEE THOMAS,

       Petitioner,

v.

J. WADAS,

       Respondent.

Case No. 3:26-CV-850-NJR

## ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Dave Lee Thomas, an inmate of the Federal Bureau of Prisons (BOP) currently housed at FCI Marion within the Southern District of Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.[1] (Doc. 1). Thomas claims that the State of Maryland issued a detainer against him in the District Court of Maryland for Prince George's County. (Doc. 1, at 2). Pursuant to the terms of the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. app. 2 § 2, art. III, Thomas sent (via the BOP) a request for final disposition to Aisha Braveboy, the relevant State's Attorney. (Doc. 1, at 10–11). Under the IADA, Maryland then had 180 days to accept temporary custody of Thomas to bring him to trial on the indictment, information, or complaint giving rise to the detainer. 18 U.S.C. app. 2 § 2, art. V. If Maryland fails to accept the offer of temporary

---

[1] Thomas's petition is made out on a form labeled "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241." (Doc. 1). However, because Thomas is challenging the validity of a state detainer rather than the fact or duration of his confinement, § 2241 is an improper basis for habeas jurisdiction. *Esposito v. Mintz*, 726 F.2d 371, 372–73 (7th Cir. 1984). Instead, the proper basis is 28 U.S.C. § 2254, *id.*, given that Thomas is in custody pursuant to the judgment of a District of Columbia court (which is considered a state court for § 2254 purposes). § 2254; *Dews v. Williams*, No. 20-CV-411, 2021 WL 1795720, at *1 (S.D. Ill. Mar. 19, 2021) (citations omitted).

custody of Thomas, or a trial is not had within the time limit, the indictment, information, or complaint must be dismissed with prejudice. *Id.*

Thomas claims that, despite filing his request for final disposition more than 180 days ago, Maryland has taken no action. (Doc. 1, at 2–3, 6–8). He therefore argues that the pending charges should be dismissed with prejudice, that the detainer should be vacated, or at least that any sentence resulting from the Maryland charges should run concurrently with his current sentence. *Id.* at 8.

This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." In this Circuit, a prisoner in custody pursuant to the judgment of a state court (*see* Doc. 1, at 1) can assert violations of his IADA rights through a petition under 28 U.S.C. § 2254. *Esposito v. Mintz*, 726 F.2d 371, 372–73 (7th Cir. 1984).

The Court has reviewed Thomas's petition; without commenting on the merits, it is not plainly apparent that Thomas is not entitled to relief. Accordingly, the Court **ORDERS** Respondent J. Wadas to answer or otherwise plead on or before **July 30, 2026**. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Thomas is **ADVISED** of his continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his whereabouts while this action is pending. This notification must be done in writing and no later than **14 days** after a transfer or other change in address occurs. Failure to provide notice may result in the dismissal of this action. *See* Fed. R. Civ. P. 41(b).

  **IT IS SO ORDERED.**

  **DATED:   June 30, 2026**

  **NANCY J. ROSENSTENGEL**
  **United States District Judge**